IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robert Bradley Baker, | ) | Civil Action No. 9:18-2574-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| The Boeing Company, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 35) recommending that Plaintiff's motion for summary judgment (Dkt. No. 33) be granted and Defendant's motion for summary judgment (Dkt. No. 32) be denied. For the reasons set forth below, the Court adopts the R & R as the Order of the Court, grants Plaintiff's motion for summary judgment and denies Defendant's motion for summary judgment.

## I. Background

Plaintiff, a former employee of the Boeing Company, Inc. ("Boeing"), brings this employment discrimination action under the Americans with Disabilities Act and alleges that Boeing unlawfully terminated his employment after he developed a disability that precluded him from working in a non-office environment. (Dkt. No. 14 at 1.) On June 13, 2018, the Equal Employment Opportunity Commission issued Plaintiff a "Right to Sue" letter notifying Plaintiff that any lawsuit arising from the charge must be filed within ninety days of Plaintiff's receipt of the letter—Friday, September 14, 2018. Plaintiff filed his *pro se* original complaint on September 18, 2019. The sole issue on the parties' cross motions for summary judgment is

whether equitable tolling should apply to excuse the untimely filing of Plaintiff's original complaint.[1] The Court outlines the facts relevant to that issue:

On September 7, 2018, Plaintiff telephoned the clerk's office at the U.S. District Court in Charleston to inquire as to whether he should file his complaint in federal or state court. Plaintiff was advised to review the Court's website for *pro se* litigants and was advised that he could file the complaint in federal court in person for a $400 filing fee. (Dkt. No. 32-2.) On September 12, 2018, Plaintiff again telephoned the Charleston district courthouse, but received a pre-recorded message advising that the courthouse was closed from September 11, 2018 until further notice. Plaintiff left a voicemail stating:

> My name is Robert Baker. I have a claim to file. This is a Right to Sue. I had a 90 days from date of receipt. I had intended to bring that in this week, but since you are closed I cannot do that. I want to make sure that I am on record as having attempted to meet that, but the courthouse was closed. Please call me as soon as you can at [home telephone number].

(Dkt. No. 14 at 3.) On September 16, 2018, Plaintiff twice telephoned the Charleston district courthouse, at 4:13 A.M. and 5:08 P.M., but again received the pre-recorded message each time. On September 17, 2018, Plaintiff twice telephoned the Charleston district courthouse; his 10:39 A.M. call went unanswered and his 2:19 P.M. call was answered, during which he was advised that the courthouse was open. Plaintiff contends that he did not file his complaint in person after this 2:19 P.M. conversation because there "was not sufficient time for me to conduct the final review of the complaint, my files, the enclosed bullet points, print and sign it, and get form my home in northern Mount Pleasant . . . [to] downtown, find parking and file the complaint. As described in my complaints, I have some difficulty with vertigo and balance, which sometimes affects walking. Accordingly, I filed the complaint the next day." (Dkt. No. 33-1 at 2.) On

---

[1] The parties engaged in a period of discovery limited to this issue, on the Magistrate Judge's direction.

September 18, 2019, Plaintiff filed his original complaint *pro se* in person at the Charleston district courthouse. (*Id.*, Dkt. No. 1.) Plaintiff thereafter filed an amended complaint through counsel on December 11, 2018. (Dkt. No. 14.)

## II. Legal Standard

### A. Review of the R & R

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B. Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities

in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).

The party seeking summary judgment has the initial burden of demonstrating to the Court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issue and correctly concluded that the ninety-day period to bring suit was equitably tolled, entitling Plaintiff to summary judgment.

Title VII requires a claimant to file a civil action within ninety days of the date of his receipt of a right to sue letter. 42 U.S.C. §§ 2000e-5(f)(1). An untimely action is subject to dismissal unless the ninety-day period is equitably tolled. *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 439 (1990). "Plaintiffs are entitled to equitable tolling only if they show that they have pursued their rights diligently and extraordinary circumstances prevented them from filing on time." *Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016).

Plaintiff has made this showing. First, Plaintiff "diligently" pursued filing his complaint when he, as a *pro se* litigant, repeatedly contacted the district court to inquire into filing his complaint within the ninety-day period starting one week before the period would expire. *See, e.g., Evans v.* McCall, No. 5:12-cv-3053-RMG, 2013 WL 3110059, at *2 (D.S.C. June 18, 2003)

(finding equitable tolling appropriate where *pro se* petitioner "more than once attempted to contact" court). Second, there existed "extraordinary circumstances" when the Charleston area was under mandatory evaluation due to Hurricane Florence, forcing the closure of the Charleston district courthouse from September 11th through September 14th.² *See, e.g., McKibben v. E. Hospitality Mgmt., Inc.*, 288 F. Supp. 2d 723 (N.D. W.Va. 2003) (denying motion to dismiss complaint as time-barred and instead applying equitable tolling to find pleading was timely filed the next day that courthouse was open to public after closure due to inclement weather that Governor declared a state of emergency).

In addition to this requisite showing made by Plaintiff, logistical constraints of the time that Plaintiff learned the courthouse was open, coupled with his compromised health, make enforcing in-person filing of the complaint on September 17th between 2:19 P.M. and 4:30 P.M. contrary to the purpose of this equitable doctrine.³ Notwithstanding this showing by Plaintiff, Boeing argues that the original complaint—filed 16 hours and 17 minutes after the ninety-day

---

² The Governor of South Carolina declared the Charleston area subject to mandatory evacuation due to Hurricane Florence beginning on September 11, 2018. *See* S.C. EMERGENCY MGMT. DIV., "Gov. Henry McMaster Orders Mandatory Evacuations for Coastal Counties Effective Tomorrow, September 11 at Noon" (Sept. 10, 2018) *available at* https://www.scemd.org/news/gov-henry-mcmaster-orders-mandatory-evacuations-for-coastal-counties-effective-tomorrow-september-11-at-noon/. "The Court may take judicial notice of matters of public record, including factual information located in postings on government websites." *Smith v. Bush*, No. 8:17-2775-MGL-JDA, 2017 WL 5900088, n.1 (D.S.C. Nov. 13, 2017).

³ The average driving time from Plaintiff's home to the Charleston courthouse, leaving at approximately 2:20 P.M. on a week day, is approximately twenty-nine minutes. The Charleston courthouse clerk's office closes to the public at 4:30 P.M. *See* https://www.scd.uscourts.gov/DOCS/PROSE.pdf at 3 ("The clerk's office is open to the public from 8:30 a.m. until 4:30 p.m., Monday through Friday, except for federal holidays."). The District Court's webpage providing information to *pro se* litigants does not specify whether a complaint may also be filed via fax or mail. *See id.* at 12 ("How to 'File' your Lawsuit – in Five Steps . . . Provide the court with the original signed complaint . . ."). The Court "may take judicial notice of court records." *Capelton v. Warden*, 670 Fed. Appx. 94, 94 (Mem), 2016 WL 6247118 (4th Cir. 2016).

period expired—must be barred because D.S.C. Local Rule 5.02 provides that a filing between 4:30 P.M. and midnight may be "accomplished if the party making the request contacts the Clerk of Court to make arrangements to accept the after-hours filing," and that the Clerk of Court is authorized to accept such a filing via fax. This argument is without merit. It is unclear how Plaintiff could have contacted the clerk's office to inquire into emergency fax filing on September 14th when the courthouse was closed to the public and no clerk was staffed to answer the phone on that day. To the extent Boeing argues Plaintiff should have availed himself of Local Rule 5.02 before the district courthouse closed on September 11th, the Court declines to hold the *pro se* litigant—otherwise making a diligent effort to prosecute his claim—to that standard.

In short, "it would be unconscionable to enforce the limitation period against" Plaintiff under these circumstances. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Therefore, having reviewed the R & R, the record, and each motion for summary judgment in a light most favorable to the non-movant, the Court finds that Plaintiff has demonstrated that the ninety-day filing period was equitably tolled.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 35) as the Order of the Court. Plaintiff's motion for summary judgment on the issue of equitable tolling (Dkt. No. 33) is **GRANTED** and Defendant's motion for summary judgment on the issue of equitable tolling (Dkt. No. 32) is **DENIED**. This matter is **REFERRED BACK** to the Magistrate Judge to address further pretrial matters on their merits.

**AND IT IS SO ORDERED.**

                                                                  _____
                                                                  Richard Mark Gergel
                                                                  United States District Court Judge

April 18, 2019
Charleston, South Carolina