**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Robert Bradley Baker, | ) | Civil Action No. 2:18-2574-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| The Boeing Company, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 169) recommending that The Boeing Company, Inc.'s ("Boeing") partial motion to dismiss the second amended complaint (Dkt. No. 152) be granted in part and denied in part. For the reasons set forth below, the Court adopts the R & R as the order of the Court to grant in part and deny in part Boeing's partial motion to dismiss.

**I.     Background**

Plaintiff alleges that Boeing wrongfully terminated his employment in various engineering-related jobs after he developed an imbalance disability that precluded him from working in a non-office environment. He brings six causes of action in his second amended complaint: (1) wrongful termination under the Americans with Disability Act ("ADA"); (2) failure to reasonably accommodate under the ADA; (3) retaliation under the ADA; (4) breach of a reasonable accommodation, reassignment and affirmative action policy under South Carolina Law; (5) breach of an anti-retaliation policy under South Carolina law; and (6) breach of a progressive discipline policy under South Carolina law. (Dkt. No. 135.) Boeing here moves to

dismiss all claims.[1] The Magistrate Judge recommends that the motion be granted in part and denied in part, to which Boeing objects. (Dkt. No. 174.)

## II.     Legal Standard

### A.     Review of the R & R

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B.     Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the Complaint fails "to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable

---

[1] Boeing's motion is styled as a "partial" motion to dismiss but seeks to dismiss all claims.

for the misconduct alleged." *Iqbal*, 556 at 679. The district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). The court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations," but it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### III. Discussion

#### A. The ADA Claims

The Magistrate Judge recommends that the claims for wrongful termination, failure to accommodate and retaliation survive Boeing's motion to dismiss. The ADA requires a potential plaintiff to first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the adverse employment action, and the plaintiff must file suit within ninety days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 12112(a); §§ 2000fe-5(e)(1), (f)(1); *Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012). Boeing argues that Plaintiff failed to first exhaust his administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") because the August 17, 2017 charge he did file checked only "disability" as a basis for discrimination and the other claims are premised on events that occurred before October 21, 2016. (Dkt. No. 14-3.) Plaintiff responds that the 300-day deadline should be equitably tolled because he did not have access to critical documents at the time as a result of being misled by Boeing regarding his rights and thwarted during reassignment. He also argues that the EEOC charge should be liberally construed to allege the retaliation and failure to accommodate claims. *Alvarado v. Bd. of Trs. of*

*Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988) (EEOC charges must be construed with utmost liberty because they are often not completed by lawyers).

Equitable tolling is available in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). "[B]ecause equitable tolling may depend on matters outside the pleadings, 'it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue.'" *Reese v. Bank*, No. 3:16-cv-3491-JFA-PJG, 2017 WL 9275213, at *2 (D.S.C. Aug. 29, 2017), *adopted* No. 3:16-cv-3491-JFA, 2017 WL 5589573 (D.S.C. Nov. 21, 2017) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006)). Because whether the ADA claims should be equitably tolled rests on facts currently outside the pleadings, the Magistrate Judge recommends that dismissal be resolved on summary judgment. *See, e.g.*, *Reese*, 2017 WL 5589573, at *3 (adopting Magistrate Judge's recommendation to deny without prejudice Rule 12 motion because "[t]imeliness is an affirmative defense under Fed. R. Civ. P. 8(c) and this Court cannot reach the merits of affirmative defense on a motion to dismiss where the complaint, on its face, is insufficient to resolve the affirmative defense"). Although Boeing objects that exhibits appended to the second amended complaint may be considered (Dkt. No. 174), resolving Boeing's untimeliness defense requires a "more fully developed record." *Id*. The Court therefore adopts that recommendation and denies without prejudice Boeing's motion to dismiss the first, second and third causes of action.

**B.     The Breach of Contract Claims**

The Magistrate Judge next recommends that the fourth, fifth and sixth causes of action, brought under South Carolina contract law, be dismissed with prejudice.  Boeing seeks to dismiss these claims on the basis that the pleading fails to allege sufficient facts to find that Plaintiff had a contractual relationship with it.  There is a presumption at at-will employment in South Carolina. *Prescott v. Farmer's Tel. Co-Op, Inc.*, 516 S.E.2d 923, 927, n.8 (S.C. 1999).  Thus, "in order to survive a Rule 12 motion to dismiss on a claim for breach of contract of employment, a Plaintiff must plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship." *Perrine v. G4S Secure Solutions (USA), Inc.*, No. 2:11-cv-1210-RMG, 2011 WL 3563110, at *1 (D.S.C. Aug. 9, 2011) (internal quotation marks omitted).

Plaintiff alleges that Boeing breached contractual duties to him under its internal retaliation policy, reassignment policy, reasonable accommodation policy, anti-discrimination policy and progressive discipline policy.  Plaintiff also alleges that he was not aware of these policies until after his employment with Boeing ended. (Dkt. No. 135 ¶¶ 78, 87, 112, 129.)  "For a contract to be created, the employee must be aware of promises . . ., must have relied on (and continued work in reliance on) those promises, and the promises must restrict the right to discharge." *Lawrence v. Westinghouse Savannah River Co., Inc.*, No. 1:03-cv-0484-27, 2005 WL 3968031, at *14 (D.S.C. Mar. 31, 2015).  Because Plaintiff alleges that he was not aware of the policies at the time, the complaint fails to allege that he relied on them.  For this reason, the Magistrate Judge recommends that the fourth, fifth and sixth causes of action be dismissed.  The Court adopts that recommendation.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 169) as the order of the Court.  Boeing's partial motion to dismiss (Dkt. No. 152) is **GRANTED IN PART and DENIED IN PART**.  The motion is **denied without prejudice** as to the second amended complaint's first, second and third causes of action, brought under the ADA.  The motion is **granted** as to the fourth, fifth and sixth causes of action, brought under South Carolina contract law.  This matter is referred back to the Magistrate Judge for further proceedings on the remaining claims.

AND IT IS SO ORDERED.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 23, 2020
Charleston, South Carolina