IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robert Bradley Baker, | ) | Civil Action No. 2:18-2574-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| The Boeing Company, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") (Dkt. No. 285) that Defendant The Boeing Company, Inc.'s ("Boeing") motion for summary judgment be granted in part and denied in part, Plaintiff's motion for summary judgment be denied, and Boeing's partial motion for summary judgment be granted. For the reasons set forth below, the Court adopts in part the R & R as the order of the Court.

## I.      Background

Plaintiff alleges that Boeing wrongfully terminated his employment in various engineering-related jobs after he developed an imbalance disability that precluded him from working in a non-office environment. In the second amended complaint, he brought six causes of action: (1) wrongful termination under the Americans with Disability Act ("ADA"); (2) failure to reasonably accommodate under the ADA; (3) retaliation under the ADA; (4) breach of a reasonable accommodation, reassignment and affirmative action policy under South Carolina Law; (5) breach of an anti-retaliation policy under South Carolina law; and (6) breach of a progressive discipline policy under South Carolina law. (Dkt. No. 135.)    In its answer to the amended pleading, Boeing brought a counterclaim for breach of contract, alleging that Plaintiff breached the Intellectual Property and Confidentiality Agreement. (Dkt. No. 154 at 53-57.)

-1-

Plaintiff's fourth and sixth causes of action were dismissed on Boeing's Rule 12(b)(6) motion. (Dkt. Nos. 180, 185.)

Before the Court is Boeing's motions for summary judgment on the first, second, third and fifth causes of action. (Dkt. Nos. 206, 275) and Plaintiff's cross-motion for summary judgment on the second cause of action (Dkt. No. 221). Boeing objects to the R & R on the failure to accommodate claim (Dkt. No. 294) and Plaintiff objects as to the wrongful termination claim, the failure to accommodate claim, and the breach of contract claim (Dkt. No. 295).

## II.    Legal Standard

### A.    Review of the R & R

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B.    Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a

verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III.    Discussion

The claims at issue are:

First Cause of Action for wrongful termination under the ADA. Boeing moves for summary judgment on this claim. (Dkt. No. 206.)

Second Cause of Action for failure to accommodate under the ADA. Boeing moves for summary judgment on this claim. (Dkt. No. 206.) Plaintiff cross-moves for summary judgment on this claim. (Dkt. No. 221.)

Third Cause of Action for retaliation under the ADA. Boeing moves for summary judgment on this claim. (Dkt. No. 206.)

Fifth Cause of Action for breach of an anti-retaliation provision under South Carolina law. Boeing moves for summary judgment on this claim. (Dkt. No. 275.)

The Court has reviewed the Magistrate Judge's detailed 53-page R & R and the parties' briefing.  And, in light both objections to the R & R, the Court conducted a *de novo* review of the record.  Having conducted this careful review, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded which claims should be dismissed under Rule 56.

A.    **First Cause of Action for Wrongful Termination Under the ADA**

Discriminatory discharge "may be proven through direct and indirect evidence or through the *McDonnell Douglas* burden-shifting framework." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 572 (4th Cir. 2015).  Boeing argues, *inter alia*, that Plaintiff failed to demonstrate that its legitimate and non-discriminatory reason for termination was pretextual, as required under the *McDonell Douglas* framework.  Boeing argues that it terminated Plaintiff for his poor performance in conjunction with a plant-wide reduction in force, which is reflected in his layoff notice. (Dkt. No. 206-36 at 2.)  And the record reflects that Plaintiff testified that Boeing discriminated against him for his failure to implement on-the-job training. (Dkt. No. 206-1 at 21.)  In his objection, Plaintiff points out, for instance, that John Barnett, a quality and hiring manager at Boeing in Charleston and Washington, testified that Boeing "pretty much slammed the door on" disabled employees in Charleston and "there's no bending over backwards in Charleston to try to assist disabled people[.]" (Dkt. No. 295 at 16.)  But this testimony does not go to whether Boeing terminated this disabled person for a permissible or pretextual reason.

Portions of this claim premised on alleged misconduct occurring before October 21, 2016 are dismissed as time barred, *infra*, and portions of this claim premised on alleged misconduct occurring after October 21, 2016 are dismissed on the merits.

**B.      Second Cause of Action for Failure to Accommodate Under the ADA**

Boeing argues that this claim is untimely under the statute of limitations.  Generally, a plaintiff "must file an administrative charge with the EEOC within 180 days of the alleged misconduct." *Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004) (citing 42 U.S.C. §§ 2000e-5(e)(1), 12116(a)).  This period is extended by 300 days when the ADA charge is filed in South Carolina. *Williams*, 370 F.3d at 428.  After timely filing a charge and receiving a right-to-sue letter from the EEOC, a plaintiff has 90 days to file a lawsuit in federal court. §§ 2000e-5(f)(1), 12117(a).  Plaintiff filed his EEOC charge on August 17, 2017 and received his right-to-sue letter on June 13, 2018. (Dkt. No. 237 at 22.)  Boeing argues that any claim predicated on alleged misconduct occurring before October 21, 2016, which is the 300-day look-back period, should be dismissed.

A "defendant's failure to accommodate constitutes a discrete act rather than an ongoing mission" and, therefore, an untimely claim cannot be saved under the continuing-violation doctrine. *Hill v. Hampstead Lester Morton Ct. Partners LP*, 581 F. App'x 178, 181 (4th Cir. 2014); *see also Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219-20 (4th Cir. 2007) (holding it "declined to extend the limitations periods for discrete acts of discrimination merely because the plaintiff asserts that such discrete acts occurred as part of a policy of discrimination"). Plaintiff responds that the limitations period should be equitably tolled. Equitable tolling is available in "rare instance where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2006) (en banc). Plaintiff argues that Boeing's HR personnel consistently mislead him about his his right to a mandatory reassignment review and to reassignment, and that he reasonably relied on Boeing's

signals of an amicable resolution.  But on the basis of the record, the Magistrate Judge concluded that that portions of this claim arising from alleged misconduct that occurred prior to October 21, 2016 are time barred because Plaintiff failed to carry his high burden to warrant equitable tolling, which requires demonstrating that Boeing intentionally mislead him and that he reasonably relied on those misrepresentations by neglecting to file a timely charge. *See Mack v. S.C. Dep't of Transp.*, No. 3:12-cv-2960-MGL-KDW, 2015 WL 1297836, at *7 (D.S.C. Jan. 28, 2015) (rejecting argument that plaintiff was "lulled into inaction" by defendant because "deliberate design" is required).  Plaintiff objects to this finding.  He argues that record reflects, for instance, that Plaintiff did not have access to Boeing's Total Access online portal, which contained Boeing's policies informing employees of their rights under the ADA, from June 29, 2015 to approximately July 30, 2015 and from October 1, 2015 until his termination. (Dkt. Nos. 295 at 14-15; 221-2 at 19-20; 161-62.)  The Court has carefully considered this argument and finds that the Magistrate Judge correctly determined that Plaintiff has not demonstrated Boeing deliberately designed to mislead him into allowing his claim to lapse by actively concealing internal policies that would have outlined ADA rights.   Therefore, portions of this claim arising from alleged misconduct occurring before October 21, 2016 are dismissed.

As to portions of this claim arising from alleged misconduct that occurred after October 21, 2016, Boeing argues that Plaintiff is not a "qualified individual" under the ADA because he rejected 20 vacant positions suggested to him during the reassignment process.  The Magistrate Judge finds that the record reflects Plaintiff was offered, but declined, a position that he thought would have brought a demotion and/or lower pay. (Dkt. Nos. 212-2 at 4-6; 249-1 at 8.)  Based on this record, the Magistrate Judge determines that there is a material dispute of fact regarding whether this position constituted a reasonable accommodation.  In its objection, Boeing says

there is no dispute of material fact because the record instead reflects it "offered to Plaintiff

equivalent positions," including a position in North Charleston, but he "rejected these jobs."

(Dkt. No. 294 at 2.)  A review of the record (Dkt. Nos. 206-18 at 14; 236-5) reflects something

significantly different than that description—that Boeing notified Plaintiff of open jobs posted to

the company's job board for internal and/or external applicants, to which he could apply; not that

Boeing offered these jobs to Plaintiff.   Regardless, a reasonable accommodation "means an

*opportunity* to attain the same level of performance as is available to nondisabled employees

having similar skills and abilities." *Reyazuddin v. Montgomery Cnty., Md.*, 789 F.3d 407, 415-16

(4th Cir. 2015) (emphasis supplied) (quoting H.R. Rep. No. 101-485, pt. 2, at 66 (1990)).   The

record reflects that Plaintiff may have had such an opportunity when Mary Baroga from

Boeing's Accommodation Services department emailed him on November 22, 2016 a list of

"Quality Jobs on C@B" including the "Job Posting: November 16, 2016" of "Product

Acceptance Specialist – Quality Technicians (Variable Shift)" at "Work Locations: United

States-South Carolina-North Charleston." (Dkt. No. 236-5 at 3.)    But a reasonable

accommodation is an opportunity that "enables the employee to perform the essential functions

of the job in question." *Myers v. Hose*, 50 F.3d 278, 283 (4th Cir. 1995).  They may include job

restructuring, part-time work schedules, and reassignment to a vacant position. 42 U.S.C. §

12111(9)(B).   This record, construed in the non-movant's favor, does not contain enough

information on this particular opportunity to support finding that it was a reasonable

accommodation. Therefore, portions of this claim arising from alleged misconduct occurring

after October 21, 2016 are not dismissed.

**C.    Third Cause of Action for Retaliation Under the ADA**

Regarding Boeing's argument that Plaintiff failed to administratively exhaust this claim before the EEOC, the scope of the lawsuit "is defined by the scope of the administrative charge," *EEOC v. Gen. Elec. Co.*, 532 F.2d 359, 365 (4th Cir. 1976), but that a plaintiff may nonetheless "raise a retaliation claim for the first time in federal court without exhausting his administrative remedies if the discrimination complained of is like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission," *Mezu v. Morgan State Univ.*, 367 F. App'x 385, 389 (4th Cir. 2010) (internal quotation marks omitted).   Here, the record reflects that Plaintiff did not check the "retaliation" box on the EEOC charge, crossed-out the "retaliation" box on the Intake Questionnaire Form, and did not describe or mention any retaliation in the forms' narrative. (Dkt. Nos. 206-37 at 6, 238-32 at 5.)   Although EEOC forms "must be construed with utmost liberty," the Magistrate Judge properly declined to read-in a retaliation charge when the record, construed in a light most favorable to Plaintiff, does not reflect any intent to administratively exhaust it. *Alvarado v. Bd. of Trustees of Montgomery Comm. College*, 848 F.2d 457, 460 (4th Cir. 1988).

The Magistrate Judge also found that Plaintiff failed to demonstrate the causation element of a *prima facie* retaliation claim, which requires establishing that he engaged in a protected activity and, because of that, Boeing took adverse action against him.   In particular, Plaintiff testified that he believes Boeing retaliated against him for complaining about on-the-job training, not for requesting reassignment due to a disability.   This claim is dismissed.

**D.    Fifth Cause of Action for Breach of Anti-Retaliation Provision Under State Law**

Boeing first argues that this claim was filed outside the statute of limitations and that its Code of Conduct is not an enforceable contract that could be breached.   As to the former,

Plaintiff alleges that Boing breached the Code of Conduct's anti-retaliation provision by transferring him in 2014 and refusing to move him back in 2015, in retaliation to him filing an ethics complaint about on-the-job training practices.  Boeing argues that this falls outside the tort's three-year statute of limitations, whereas Plaintiff argues it does not because the tort ultimately arose in his 2018 termination.[1] S.C. Code Ann. § 15-3-530(1).  The pleading makes clear that this claim arises from the transfer and refusal to move back, not the subsequent termination. (Dkt. No. 135 at 66.)  But the three-year statute of limitations began to run only "when the underlying cause of action reasonably out to have been discovered" by Plaintiff. *Martin v. Companion Healthcare Corp.*, 593 S.E.2d 624, 627 (S.C. Ct. App. 2004).  Here, Plaintiff was not "on notice" of Boeing's purported breach of the anti-retaliation provision until Boeing later confirmed to Plaintiff that it was not taking action with respect to the retaliation that Plaintiff had reported. (Dkt. No. 278 at 22.)  The record reflects that this occurred in November 2016 (Dkt. No. 278-16 at 1-2) and Plaintiff brought this claim less than three years later.

But, as the Magistrate Judge notes, this claim fails on its merits.  In South Carolina, there is a presumption of at-will employment. *Prescott v. Farmer's Tel. Co-Op., Inc.*, 516 S.E.2d 923, 927, n.8 (S.C. 1999).  Whether Boeing's Code of Conduct altered that at-will relationship requires an otherwise general policy statement to "be definitive in nature, promising specific treatment in specific situations." *Hessenthaler v. Tri-County Sister Help*, 616 S.E.2d 694, 698 (S.C. 2005).  As the Magistrate Judge found, the Code of Conduct in this record does not. (Dkt. Nos. 275-3 at 2-5, 278-5 at 1.)  It states, *inter alia*, that retaliation will not be tolerated, which courts have long found is insufficient to overcome the presumption of at-will employment. *See,*

---

[1] The Magistrate Judge correctly noted that Plaintiff's argument here, that he was terminated in retaliation for filing an ethics complaint, is in direct conflict with his prior argument, that he was terminated for his disability.

*e.g.*, *Brailsford v. Fresenius Med. Ctr. CAN Kidney Ctrs. LLC*, No. 2:15-cv-4012-DCN, 2017 WL 1214337, at *8 (D.S.C. Apr. 3, 2017).  The Court has carefully considered Plaintiff's objection to this recommendation, but finds that the Magistrate Judge correctly determined the claim should be dismissed.

## IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART** the R & R (Dkt. No. 285) as the order of the Court.  Boeing's motion for summary judgment (Dkt. No. 206) is **granted in part and denied in part**. Plaintiff's cross-motion for summary judgment (Dkt. No. 221) is **denied**.  Boeing's partial motion for summary judgment (Dkt. No. 275) is **granted**.

The First Cause of Action (wrongful termination under the ADA), the Third Cause of Action (retaliation under the ADA), and the Fifth Cause of Action (breach of an anti-retaliation provision) are dismissed.  The Second Cause of Action (failure to accommodate under the ADA) is dismissed in part: the portion of this claim arising from conduct after October 21, 2016 survives.

The Clerk is directed to notice trial on the sole remaining claim—the Second Cause of Action stemming from acts after October 21, 2016—for the August 2021 jury selection term and to enter a pre-trial scheduling order. This claim will be tried with Boeing's counterclaim for breach of contract.

     **AND IT IS SO ORDERED.**

                              s/ Richard Mark Gergel
                              Richard Mark Gergel
                              United States District Judge

June 3, 2021
Charleston, South Carolina

-10-