# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Robert Bradley Baker, ) | Civil Action No. 2:18-2574-RMG |
|         Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| The Boeing Company, Inc., ) | |
|         Defendant. ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") (Dkt. No. 288) that The Boeing Company, Inc.'s ("Boeing") motion for summary judgment on its breach of contract counterclaim (Dkt. No. 209) be denied. For the reasons set forth below, the Court adopts the R & R as the order of the Court and denies Boeing's motion.

**I.      Background**

Plaintiff alleges that Boeing wrongfully terminated his employment in various engineering-related jobs after he developed an imbalance disability that precluded him from working in a non-office environment. In the second amended complaint, he brought six causes of action: (1) wrongful termination under the Americans with Disability Act ("ADA"); (2) failure to reasonably accommodate under the ADA; (3) retaliation under the ADA; (4) breach of a reasonable accommodation, reassignment and affirmative action policy under South Carolina Law; (5) breach of an anti-retaliation policy under South Carolina law; and (6) breach of a progressive discipline policy under South Carolina law. (Dkt. No. 135.)   In its answer to the amended pleading, Boeing brought a counterclaim for breach of contract, alleging that Plaintiff breached the Intellectual Property and Confidentiality Agreement (the "Confidentiality Agreement") relating to the design and manufacture of the 787 Dreamliner. (Dkt. No. 154 at 53-

57.) Plaintiff's fourth and sixth causes of action were dismissed on Boeing's Rule 12(b)(6) motion. (Dkt. Nos. 180, 185.) Boeing has now moved for summary judgment on its counterclaim (Dkt. No. 209), to which Plaintiff responded in opposition. Boeing objects to the R & R. (Dkt. No. 293.)

## II. <u>Legal Standard</u>

### A. Review of the R & R

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B. Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is

clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III.    Discussion

The Magistrate Judge recommends that the Court deny Boeing's motion for summary judgment on its breach of contract counterclaim. Having carefully considered the recommendation, the objection to it, and the relevant record, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Boeing's motion should be denied.

In South Carolina, a breach of contract claimant must demonstrate "the existence of a contract, its breach, and damages caused by such breach." *Hotel and Motel Holdings, LLC v. BJC Enters, LLC*, 780 S.E.2d 263, 271 (S.C. Ct. App. 2015). "The necessary elements of a contract are an offer, acceptance, and valuable consideration." *Sauner v. Public Serv. Auth. of S.C.*, 581 S.E.2d 161, 166 (S.C. 2003). "'Acceptance of an offer is a manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer.'" *Electro-Lab of Aiken, Inc. v. Sharp Constr. Co. of Sumter, Inc.*, 593 S.E.2d 170, 173 (S.C. Ct. App. 2004)

(quoting Rest. 2d Contr. § 50(1) (1981)).  Assent "need not be formally made; it may be inferred from the parties' acts." *Gaskins v. Blue Cross-BlueShield of S.C.*, 245 S.E.2d 598, 600 (S.C. 1987). This is why "[s]ilence ordinarily does not constitute acceptance." *H.A. Sack Co., Inc. v. Forest Beach Pub. Serv. Dist.*, 250 S.E.2d 340, 341 (S.C. 1978).  Indeed, a "contract is an obligation which arises from actual agreement of the parties manifested by words, oral or written, or by conduct." *Roberts v. Gaskins*, 486 S.E.2d 771, 773 (S.C. Ct. App. 1997).  Such an obligation is achieved when "the parties demonstrate a mutual intent to be bound." *Timmons v. McCutcheon*, 324 S.E.2d 319, 322 (S.C. Ct. App. 1984).

Plaintiff contends there is a genuine dispute of material fact on this record regarding whether he reviewed the terms of the Confidentiality Agreement because it does not bear his written or electronic signature; rather, it states "Signature of Employee: Baker, Robert B (On File)." (Dkt. No. 209-1 at 3.)  From this argument, the Magistrate Judge reasonably infers a dispute of material fact of whether Plaintiff ever actually accepted the Confidentiality Agreement's terms when he purportedly executed the document via any such separate signature kept in Boeing's files.

In its objection, Boeing argues that Plaintiff concedes in his memorandum that he entered into the Confidentiality Agreement, and that the Magistrate Judge ignored that concession.  The Court conducted a *de novo* review of the record in light of Boeing's objection.  And the task on a Rule 56 motion is to construe all inferences and ambiguities in the record in favor of the non-movant.  This record consists of a document titled "Confidentiality Agreement" that does not bear Plaintiff's written or electronic signature; instead, it contains a typed statement, presumably typed by a Boeing employee and not Plaintiff, that says Boeing has Plaintiff's signature somewhere else in its file.  A reasonable fact finder could construe this document in a light

favorable to Plaintiff and infer that there is no evidence Plaintiff actually reviewed and assented to the terms contained in the document. Boeing's motion for summary judgment on its counterclaim is denied.

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R as the order of the Court. (Dkt. No. 288.) Boeing's motion for summary judgment (Dkt. No. 209) is **DENIED**. The Clerk is directed to notice trial on this counterclaim for the August 2021 jury selection term and to enter a pre-trial scheduling order. This counterclaim will be tried with Plaintiff's surviving claim.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 4, 2021
Charleston, South Carolina